**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| 1. CHRISTOPHER MCLAUGHLIN, individually, and as parent and next friend of J.M., L.M., and F.M., minor children, | ) ) ) ) | |
| 2. SARAH MCLAUGHLIN, individually, and as parent and next friend of J.M., L.M., and F.M., minor children, | ) ) ) ) | Case No. 21-cv-00012-GKF-CDL |
| Plaintiffs, | ) ) | |
| 1. FORD MOTOR COMPANY, and | ) ) | Removed from Tulsa County District Court, CJ-2020-3688 |
| 2. FRN of TULSA, LLC, | ) ) | |
| Defendants. | ) ) | |

**DEFENDANT FORD MOTOR COMPANY'S
NOTICE OF REMOVAL**

Defendant Ford Motor Company ("Ford") hereby gives notice of the removal of this action from the District Court of Tulsa County, Oklahoma, to the United States District Court for the Northern District of Oklahoma. Removal is appropriate under 28 U.S.C. § 1441(a) because this is a diversity action over which this Court has original jurisdiction under 28 U.S.C. §§ 1332, 1441, and 1446. In support of this Notice of Removal, Ford alleges and states as follows:

**I.     INTRODUCTION AND BACKGROUND**

1.     On December 3, 2020, Plaintiffs filed this action, styled *Christopher McLaughlin and Sarah McLaughlin, individually, and as parents and next friends of J.M., L.M., and F.M., minor children v. Ford Motor Company and FRN of Tulsa, LLC*, in the District Court of Tulsa County, Oklahoma, Case No. CJ-2016-4198 (the "Action"). [Petition, Ex. 1].

2.     In addition to Ford, Plaintiffs named defendant FRN of Tulsa, LLC ("FRN"), which allegedly does business as Bill Knight Ford and/or Ford of Tulsa. [Petition, Ex. 1].

Plaintiffs claim they purchased the vehicle which is the subject of this lawsuit from FRN. [Petition, ¶ 6, Ex. 1].

3.     Plaintiffs assert strict liability and negligence causes of action against Ford; they assert only one cause of action for strict liability against FRN. [Petition, Ex. 1]. Plaintiffs seek punitive damages against both defendants. [Petition at pp. 9-10, Ex. 1].

4.     Plaintiffs specifically allege that their damages, "individually and in the aggregate, exceed $75,000.00." [Petition at ¶¶ 22, 28, 32, Ex. 1].

5.     This Court has original jurisdiction over this action under 28 U.S.C. § 1332(a) because this is a civil action between citizens of different states and the amount in controversy exceeds $75,000.   Although Plaintiffs have named resident defendant FRN, it should be disregarded for purposes of removal because FRN has been fraudulently joined to prevent removal. *See Brazell v. Waite*, 525 F. App'x 878, 881 (10th Cir. 2013) (recognizing that fraudulent joinder occurs where the plaintiff "joins a resident defendant against whom no cause of action is stated in order to prevent removal," and that, in such cases, the court should "disregard the fraudulently joined non-diverse party for removal purposes" (citation and quotation marks omitted)); *Atkins v. Heavy Petroleum Partners, LLC*, No. 15-3050, 2015 WL 7974174, at *3 (10th Cir. Dec. 7, 2015) (affirming denial of motion to remand where trial court found that Plaintiff could not establish a cause of action against the non-diverse party in state court). Thus, the action may be removed to this Court pursuant to 28 U.S.C. § 1441(a).

## II.     THE AMOUNT IN CONTROVERSY IS SATISFIED

6.     A defendant's notice of removal need only include a "plausible allegation" that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014) (citing 28 U.S.C. § 1446(a)). *See also Aulestia v.*

*Nutek Disposables, Inc.*, No. 14-CV-769-JED-FHM, 2015 WL 632073, at *3 (N.D. Okla. Feb. 13, 2015) (reiterating *Dart*'s plausible allegation requirement).

7.     The amount in controversy in this case exceeds $75,000.00, exclusive of interest and costs, based on the nature of this case, which seeks damages for "devastating and permanent injuries" sustained by Plaintiff Christopher McLaughlin in a rollover accident involving an allegedly defective 2004 Ford F-150, "including a cervical injury at the C6/7 level rendering him a quadriplegic/tetraplegic." [Petition, ¶¶ 4, 9-14, Ex. 1]. Plaintiffs further allege that, as a result of Christopher McLaughlin's injuries, they and their minor children have incurred damages, including "loss of spousal and parental consortium and economic loss due to the catastrophic and permanent injuries suffered by Christopher," among others. [Petition at ¶ 22, Ex. 1]. These allegations, standing alone, support the conclusion that the amount-in-controversy requirement has been satisfied.

8.     Further, Plaintiffs specifically alleged that their damages, "individually and in the aggregate, exceed $75,000.00," and that Plaintiffs "further seek an award of punitive or exemplary damages in excess of $75,000.00 for Ford's conscious and reckless disregard for public safety and life-threatening conduct." [Petition at ¶ 22, Ex. 1]. Because Plaintiff's have specifically alleged damages in excess of the jurisdictional threshold, removal is proper. *McPhail v. Deere & Co.*, 529 F.3d 947, 953 (10th Cir. 2008) (plaintiff's allegation of damages binding unless it is a legal certainty plaintiffs cannot recover more than $75,000). "Generally, 'the amount sued for fixe[s] the amount in controversy' for jurisdictional purposes." *Huffman v. Saul Holding Ltd., P'ship*, 194 F.3d 1072, 1079 (10th Cir. 1999) (quoting *Wabash Ry. v. Vanlandingham*, 53 F.2d 51, 51 (8th Cir. 1931)).

9.      Based on the nature of Plaintiffs' allegations, their claims of serious damages, and their demand for punitive damages, it is both plausible and probable that the amount in controversy exceeds $75,000.00, exclusive of costs and interest.   Accordingly, this action is removable to this Court pursuant to 28 U.S.C. §§ 1441(a) and 1332(a).

### III.   COMPLETE DIVERSITY EXISTS

#### A.   FRN IS A FRAUDULENTLY JOINED DEFENDANT

10.      When a plaintiff fraudulently joins a defendant in order to preclude removal on diversity grounds, the citizenship of the fraudulently joined defendant is disregarded for the purposes of analyzing whether diversity jurisdiction exists.   *Anderson v. Lehman Bros. Bank, FSB*, 528 F. App'x 793, 795 (10th Cir. 2013) (holding fraudulently joined defendant is disregarded for purposes of diversity jurisdiction); *Atkins*, No. 15-3050, 2015 WL 7974174, at *3 (10th Cir. Dec. 7, 2015) (affirming denial of motion to remand where trial court found that Plaintiff could not establish a cause of action against the non-diverse party in state court).

11.      Fraudulent joinder can be proven by showing that either (1) plaintiff's jurisdictional allegations are fraudulent and made in bad faith; or (2) plaintiff has no possibility of recovery against the non-diverse defendant.   *Slover v. Equitable Variable Life Ins. Co.*, 443 F. Supp. 2d 1272, 1279 (N.D. Okla. 2006).

12.      In their Petition, Plaintiffs claim FRN was in the business of marketing and selling motor vehicles to the public.   [Petition, ¶ 5, Ex. 1].   Plaintiffs' only cause of action against FRN sounds in strict product liability—specifically, that FRN is liable to Plaintiffs because it sold a vehicle they allege was defective in its design or manufacture.   [Petition, ¶¶ 6, 23-28, Ex. 1].   Plaintiffs do not claim FRN was involved in the design or manufacture of the vehicle.   [*See generally* Petition, Ex. 1].

13.     Pursuant to 76 O.S. § 57.2(E), a strict products liability action may not be asserted against a non-manufacturing seller unless one of six exceptions is applicable:

1.  The product seller exercised substantial control over the aspect of the design, testing, manufacture, packaging, or labeling of the product that caused the alleged harm for which recovery of damages is sought; or

2.  The product seller altered or modified the product, and the alteration or modification was a substantial factor in causing the harm for which recovery of damages is sought; or

3.  The product seller made an express warranty as to such product independent of any express warranty made by a manufacturer as to such product, such product failed to conform to the product seller's warranty, and the failure of such product to conform to the warranty caused the harm complained of by the claimant; or

4.  The claimant is unable, despite a good-faith exercise of due diligence, to identify the manufacturer of the product; or

5.  The manufacturer is not subject to service of process under the laws of the state; or

6.  The court determines that the claimant would be unable to enforce a judgment against the manufacturer.

14.     This Court has interpreted 76 O.S. § 57.2(E) as "add[ing] a new element" to a product liability action against a non-manufacturing product seller. *Farmers Ins. Co. v. Big Lots, Inc.*, No. 15-cv-97-GKF-PJC, 2015 WL 5943447 at *3 (N.D. Okla. Oct. 13, 2015).

15.     In *Shelton v. Sha Ent., LLC*, No. 20-cv-644-D, 2020 WL 6389858 at *2 (W.D. Okla. Oct. 30, 2020), the Western District of Oklahoma granted a non-manufacturing seller's motion to dismiss because plaintiffs' petition "contain[ed] no factual allegations that would place [the seller]'s conduct into one of the exceptions enumerated in § 57.2(E)." Likewise, Plaintiffs here have utterly failed to allege any facts that would place FRN's conduct into one of the enumerated exceptions. [*See* Petition, ¶¶ 6, 23-28].

16.     Upon examining Plaintiffs' claims against FRN in the context of 76 O.S. § 57.2(E), it is apparent that Plaintiffs have no possibility of recovery against FRN, and therefore its citizenship should be disregarded for purposes of analyzing whether diversity jurisdiction exists. *See Slover*, 443 F. Supp. 2d at 1279; *Anderson*, 528 F. App'x at 795.

### IV.     PROCEDURAL REQUIREMENTS FOR REMOVAL

17.     This lawsuit was filed on December 3, 2020, and Ford was served on December 21, 2020.  This Notice of Removal has been filed within 30 days from service of Plaintiffs' Petition and within one year of the commencement of the action.  Accordingly, removal is timely pursuant to 28 U.S.C. §§ 1446(b).

18.     As required by LCvR 81.2(a), a copy of the Docket Sheet, Tulsa County, Case No. CJ-2020-3688, is attached as Exhibit 2.

19.     As required by 28 U.S.C. § 1446(a), the returned summons is attached as Exhibit 3.

20.     As required by 28 U.S.C. § 1446(d), written notice of the removal will be served on Plaintiffs and a copy will be filed with the Clerk of the District Court for Tulsa County promptly after this Notice of Removal is filed.

21.      This action is properly removed to the United States District Court for the Northern District of Oklahoma, which "embrac[es] the place where such action is pending." 28 U.S.C. §§ 1441(a) & 116(c).

22.     This case is properly removed to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 because Ford has satisfied the procedural requirements for removal, and this Court has subject matter jurisdiction over this diversity action in which the amount in controversy exceeds

the sum of $75,000, exclusive of costs and interests, and Plaintiffs are citizens of a different state than Defendant Ford.

23.     Defendant FRN of Tulsa, LLC, was fraudulently joined and therefore, their citizenship is disregarded for purposes of determining diversity jurisdiction.  Consent to removal is not required by those defendants that have been fraudulently joined.  *See Moseley v. Wyeth*, No. CIV-02-1120-M, 2002 WL32991341, at *1, n.4 (W.D. Okla. Sept. 13, 2002) ("If he is a fraudulently joined defendant, then his consent is not required for removal.").

24.     Ford reserves all defenses, including, without limitation, those set forth in Fed. R. Civ. P. 12(b).

**WHEREFORE**, Defendant Ford respectfully removes this action from the District Court in and for Tulsa County to the United States District Court for the Northern District of Oklahoma pursuant to 28 U.S.C. § 1441.

Respectfully submitted this 11th day of January, 2020.

MCAFEE & TAFT, PC

By     s/ Andrew L. Richardson
       Mary Quinn Cooper, OBA #11966
       Andrew L. Richardson, OBA #16298
       Dru A. Prosser, OBA #32487
       Two West 2nd Street, Suite 1100
       Tulsa, OK 74103
       maryquinn.cooper@mcafeetaft.com
       andrew.richardson@mcafeetaft.com
       dru.prosser@mcafeetaft.com
       (918) 587-0000; (918) 599-9317 (fax)
       Attorneys for Defendant Ford Motor Company

7

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of January, 2020, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing.  Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Clark O. Brewster
Montgomery L. Lair
BREWSTER & DE ANGELIS, PLLC
2617 East 21st Street
Tulsa, OK 74114
*Attorneys for Plaintiffs*

s/ Andrew L. Richardson